**E. W. SMYTH et al., Appellants,**

**v.**

**Harry KOPLIN et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 19, 1956.

Clem F. Kelly, Lexington, V. S. Beatty, Beattyville, for appellants.

H. M. Shumate, Irvine, Edward Jackson, Beattyville, for appellees.

MOREMEN, Judge.

This is an appeal from a judgment wherein it was found that appellants had forfeited their interest in certain property.

E. S. Moore owned some 237 acres in Lee County. On December 6, 1916, he executed an oil and gas lease covering this property to John H. McClurkin which contained this clause:

"It is agreed that this lease shall remain in force for the term of 5 years from this date and as long thereafter as oil or gas, or either of them is produced from said land by the party of the second part, its executors or assigns."

McClurkin subdivided the property into three parts, and executed a sublease on each one of them. The divisions are known as the Nowell lease, the Seaboard lease and the MacLan lease. The latter lease, which covers a 78 acre tract, is the subject of this litigation.

The MacLan lease was executed to appellants' predecessors in 1922. The Seaboard and Nowell leases, by mesne conveyances, are in possession of various persons who do business under the firm name of Lee Oil Company and who are appellees.

All operations under the MacLan lease ceased in 1945.

On January 8, 1953, the heirs of E. S. Moore, who are appellees in this action, executed an oil and gas lease to Harry Koplin on the MacLan tract. This action was taken on the theory that the former lessee had forfeited the lease because of failure to operate or produce oil or gas for a period of about eight years. Two days later Koplin assigned this lease to appellees.

This action was instituted by appellees, Lee Oil Company, for the purpose of perpetually enjoining appellants, who had originally been assignees of McClurkin, from taking possession under the lease. The heirs of E. S. Moore intervened and by appropriate pleadings sought to have the original lease to appellants declared void.

The case was tried without a jury before the circuit court who filed a conclusion of law and facts, the crux of which was: "Although defendants (appellants) assert claim that their MacLan lease is valid, they have not operated the lease nor pro-

duced any oil from the premises since the year 1945. The failure of the defendants to operate the lease or produce any oil therefrom for several years constitutes an abandonment, and defendants' leasehold and equipment thereon and right to possession were and are forfeited."

On this appeal it is urged that the judgment of the circuit court was erroneous because: (1) there can be no forfeiture of an oil lease unless notice is given the lessee to develop the lease; (2) there was no abandonment of the lease; and (3) the production of oil anywhere within the boundaries of the parent lease prevents the forfeiture of any of the subleases.

In American Wholesale Corporation v. F. & S. Oil & Gas Company, 242 Ky. 356, 46 S.W.2d 498, it was pointed out that notice is not a condition precedent to the cancellation by lessor of an oil and gas lease where abandonment of the lease may be inferred from the fact that lessee has been in default for an unreasonable time. It was said that even under leases which lack an express provision permitting the lessor to cancel, if the lessee fails to develop or ceases to operate for an unreasonable time, the law implies such a covenant and the lease may be forfeited. It was reasoned that such failure to develop or operate deprives the lessor of the consideration for the lease. It is unnecessary to repeat the matters discussed in that logical opinion but we believe the decision in that case is decisive of the one at bar.

However, appellant in an exhaustive brief has cited many cases which require some comment by us.

A pioneer case, Monarch Oil, Gas & Coal Company v. Richardson, 124 Ky. 602, 99 S.W. 668, relied upon, may be distinguished because the lease contained this provision: "* * * it had the right to commence a well on the premises within one year from the date of the lease, or pay there-

after an annual rental". The court said: "The rent paid and accepted unconditionally by the lessor satisfied the demands of the contract up to that date, and the lessee had the right to assume that the lessor was satisfied to receive the annual rentals in lieu of the development of the land." This one thing distinguishes it from the case at bar.

The case of Warren Oil & Gas Company v. Gillian, 182 Ky. 807, 207 S.W. 698, is also authority for the proposition that the lessor must first notify the lessee that he will no longer accept the annual rentals and will require immediate development. In this case also, the lessee had the alternative of developing or paying annual rentals.

The opinion in Lawrence Oil Corporation v. Metcalf, 266 Ky. 819, 100 S.W.2d 217, is evidence that the law requires a reasonable, certain and unequivocal demand to apprise the lessee that work should proceed under the lease. However, the court said that notice may be unnecessary if the facts show that the lessee would not in any event drill upon the land.

We note in passing that the circuit court had before it definite proof that the lessee on the MacLan tract had been notified to begin operation. One of the appellees testified:

"I told them they ought to go ahead and operate the lease, that we wasn't getting anything out of it and we was all getting old, and it would probably be worth something some day and they ought to operate it enough to hold it. That is the conversation I had with them different times."

Again:

"What did they say"?

"Said it wasn't worth pumping."

Appellant relies heavily upon Leeper Oil Company v. Rowland, 239 Ky. 295, 39 S.W. 2d 486. This case arose during the unusual

market of the year 1929. There the circuit court granted a lease forfeiture since notice to develop was given and lessee refused to proceed claiming a poor oil market. This court, under the facts presented, found that the lessee had neither acted in bad faith nor been guilty of culpable negligence in the development of the leased premises. The court pointed out that the premises had been developed considerably but apparently not enough for the lessor's satisfaction. This case may be reconciled with other cases. The lessors and lessees in all these are measured by the standards of what, under the circumstances, is reasonable and just. American Wholesale Corporation v. F. & S. Oil & Gas Company, 242 Ky. 356, 46 S.W.2d 498.

It was pointed out in Gregory v. Sohio Petroleum Company, Ky., 261 S.W.2d 623, 625, that:

"We have held in numerous cases that a lessee will not be permitted to hold the land for speculative or other purposes for an unreasonable length of time. [Citing authorities.] We have also held that inasmuch as the lessee incurs all the financial hazards in connection with the drilling of a well under a lease of this type, the true test of proper action of the lessee is not to be found either in the extravagant expectations of the lessor or the unreasonable timidity of the lessee. [Citing authority.]"

So each case must be decided according to standards of reasonable behavior under the circumstances.

In the case at bar, the trial court found that appellants had not operated the lease since 1945. Under the circumstances of this case, he correctly found that an abandonment had occurred.

Appellants' contention that there was no abandonment of the lease lacks merit. The circuit court rightfully could have reached no other conclusion. There was some evidence that a water well had been drilled on or near the boundary of the MacLan tract, but its site was never definitely fixed, and there was no showing that any development or production of oil or gas from the McLan lease had been had since 1945.

Finally appellants insist that production of oil anywhere within the boundaries of the parent lease prevents forfeiture of any of the subleases. We held in American Wholesale Corporation v. F. & S. Oil & Gas Company, 242 Ky. 356, 46 S.W.2d 498, 501:

"The court may, even as between the original lessee and lessor, cancel a lease as to a part of the leased premises, or it may cancel it as to only a portion thereof. The court is not required to decree in any case the cancellation of the entire lease; if by so doing the lessee would be deprived of valuable property and the lessor obtain an unconscionable advantage. This rule effectuates justice according to the established principles of equity. A fortiori, when the original acreage has been subdivided and certain portions thereof assigned to different assignees, the court may cancel the lease as to the one and not as to the other."

We believe the judgment entered is correct in all particulars, and it is therefore affirmed.